# SUPREME COURT,

## OCTOBER TERM, 1874.

49   3
99   460

49   3
117   464

[No. 4,359.]

## JOSEPH ROOKER v. CHARLES G. JOHNSTON AND WM. W. JOHNSON.

ACT TO LEGALIZE DEFECTIVE APPLICATIONS TO BUY LAND. — The Act of March 24, 1870, to legalize applications for the purchase of State lands, which were void by reason of a defect in the form or substance of the application, made such applications good and valid, unless there were, at the time of the passage of the Act, two or more applications for the purchase of the same land, or conflicts between claimants.

IDEM.—Said Act deals only with applications to purchase land, and does not have the effect of offering for sale lands which were not subject to sale under the general law.

IDEM.—Neither does said Act make an application for the purchase of land which had not been offered for sale when the application was filed, good and valid.

WHEN STATE LANDS MAY BE SOLD.—Lands donated to the State by Congress are not subject to sale until they have been surveyed by the United States.

CONTEST OVER RIGHT TO PURCHASE LAND.—If there was an application made to purchase State land before it had been surveyed, and a second application, which was defective, to purchase after it had been surveyed and before the passage of the Curative Act of March 24, 1870, and a third application, good in form, after the passage of said Curative Act, the one who filed the second application has the right to purchase.

3.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The Court below rendered judgment for the plaintiff, and the defendants appealed.

The other facts are stated in the opinion.

*H. F. Crane*, for the Appellants.

At the time of the passage of the Act of March 24, 1870, there were several applicants to purchase the land in controversy.

This Act in substance and in terms provides that all applications heretofore made for the purchase of land, etc., etc., shall be held good and valid where there are not two or more applicants for the purchase of the same land. In other words, where there is more than one applicant for the purchase of the same land, the validity of such applications are not affected at all by the Act. It was obviously impracticable to frame such a statute as this and make it general in its operation, except upon these conditions. It results that upon no rational construction of the statute could the plaintiff's application have been made valid thereby.

*Foote & Carter*, for the respondent, argued that the Act of March 24, 1870, applied only to authorized applications to purchase land; and that, as the statute did not authorize an application to purchase until the land was surveyed, the plaintiff's was the only application to purchase on file when the Curative Act of March 24, 1870, was passed, and that, therefore, his application was validated by the Act.

By the Court, RHODES, J.:

Contest originating in the Surveyor-General's office, for the purchase of the west one half of section sixteen, township three south, range three east, Mount Diablo meridian. The official plat of the survey was filed in the Land Office in San Francisco on the 4th day of June, 1869. The

plaintiff filed his application to purchase the lands, on the 16th day of June, 1869; but it was defective. One of the defendants filed his application to purchase the southwest quarter of the section, on the 30th day of December, 1870; and the other defendant filed his application to purchase the northwest quarter of the section on the 28th day of September, 1871; and both of these applications were in due form. On the 9th day of March, 1868, Warren B. English filed his application to purchase these lands; and in the same year other applications were filed by other persons for the purchase of the whole or parts of the lands.

The Curative Act of March 24, 1870 (p. 352,) rendered the plaintiff's application good and valid, unless there were, at the passage of the Act, " two or more applicants for the purchase of the same land, or conflicts between claimants." (*Copp* v. *Herrington*, 47 Cal. 236.) The Act, as we construe it, deals with the applications alone, and does not intend, or have the effect to offer for sale lands which were not subject to sale under the general law. It is not the purpose of the Act to declare that an application for the purchase of land, which had not been offered for sale when the application was filed, should be good and valid, and that the applicant might proceed with and complete his purchase; but the intent was to make the application as valid as it would have been had it been free from all defects; had it contained within itself all that the statute required it to state. The same construction applies to the applications of all the parties, when there are two or more applicants, or conflicts between claimants.

The applications which were filed in 1868, as above mentioned, do not come within the Curative Act of 1870 as conflicting applications or claims, because the lands had not been surveyed, and therefore were not subject to sale. The plaintiff's application was made good and valid by the Curative Act, and he thereby became entitled to purchase the lands in controversy.

Judgment and order affirmed. Remittitur forthwith.

WALLACE, C. J., concurring:

I concur in the judgment. The land did not become the subject of an application to purchase until June, 1869, and counting from that date the plaintiff's application was first in point of time. Though defective as originally filed, it was subsequently cured by the Act of March 24, 1870, unless the several applications of English and others, filed in 1868, took it out of the operation of that Act. But the land not being the subject of purchase in 1868, the applications filed in that year were mere nullities, and the plaintiff is, therefore, to be considered as the sole applicant at the passage of the Act of March 24, 1870.